IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIELLE LARA, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 24-cv-1241-SMY |
| | ) |
| CANADIAN NATIONAL ILLINOIS CENTRAL, | ) |
| | ) |
|       Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Danielle Lara filed this *pro se* action against her previous employer Canadian National Illinois Central, for gender discrimination. Lara's Motion for Leave to Proceed *in Forma Pauperis* ("IFP") (Doc. 4) and Motion for Service of Process at Government Expense (Doc. 5) are now before the Court. For the following reasons, the motions are **DENIED**, and Lara's Complaint is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### Discussion

Under 28 U.S.C. § 1915, an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Lara has demonstrated her indigence and inability to pay the costs of commencing her lawsuit through her motion and accompanying affidavit. However, the Court's inquiry does not end with a determination of indigency.

Section 1915(e)(2) requires careful threshold scrutiny of a Complaint filed by a plaintiff seeking to proceed IFP. The Court may dismiss a case if it determines the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense"). Thus, pursuant to 1915(e)(2), the Court must determine if the Complaint presents any potentially meritorious factual and legal grounds. The Court may *sua sponte* dismiss a case at Section 1915A review if the applicability of the statute of limitations is "so plain from the language of the complaint ... that it renders the suit frivolous." *Terry v. Spencer,* 888 F. 3d 890, 894 (7th Cir. 2018) (citations omitted).

According to the Complaint, beginning on January 31, 2022, Lara was employed by Defendant as a Conductor Trainee. During her training, she experienced discriminatory remarks and sexual comments from supervisors and other trainers. The remarks suggested she was not sufficiently strong for the role due to her gender.

On March 18, 2022, Defendant terminated Lara, claiming she was not strong enough. She received sexually explicit text messages the week before her termination, which intimated that her compliance with sexual demands would affect her job security. The justification for her termination is pretextual. Lara seeks $400,000 in damages and demands reinstatement of employment with back pay.

To pursue a Title VII claim, a plaintiff must file an Equal Employment Opportunity Commission ("EEOC") charge within 300 days of the occurrence of the event that forms the basis

of the complaint.[1] 42 U.S.C. § 2000e–5(e); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 445 (7th Cir. 1994). "Failure to do so bars litigation over those claims." *Speer v. Rand McNally & Co.*, 123 F.3d 658, 662 (7th Cir. 1997).

The Complaint does not specify whether Lara filed a charge with the EEOC, and the deadline for filing a charge was on January 12, 2023. Additionally, Lara's Complaint must have been filed within 90 days of the issuance of a Right to Sue letter by the EEOC. 42 U.S.C. § 2000e–5(f)(1); *Mathews v. Columbia College Chicago* 435 F.Supp.2d 805, 812 (N.D. Ill. 2006) ("a plaintiff must file suit within 90 days of receiving that right-to-sue letter"). Absent this information, Lara has failed to state a viable claim.

For the foregoing reasons, Plaintiff's Complaint (Doc. 3) is **DISMISSED without prejudice** and her motion to proceed *in forma pauperis* (Doc. 4) and motion for service of process at government expense (Doc. 5) are **DENIED**. Plaintiff may file an amended complaint within 30 days of this Order. **Failure to file an amended complaint that addresses the above-referenced deficiencies, including attaching a Right to Sue letter, will result in dismissal with prejudice.**

IT IS SO ORDERED.

DATED: May 24, 2024

**STACI M. YANDLE**
**United States District Judge**

---

[1] Under the applicable federal statute, a plaintiff has 180 days to file his claim, unless the forum state has an administrative agency to which the EEOC defers. Illinois has such an agency—the Illinois Department of Human Rights—making the limit 300 days, rather than 180 days, applicable to this lawsuit.