UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIELLE LARA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:24-CV-01241-SMY |
| | ) |
| CANDADIAN NATIONAL ILLINOIS CENTRAL, | ) ) |
| | ) |
| Defendant. | ) |
| | ) |

**REPORT & RECOMMENDATION**

**SISON, Magistrate Judge:**

This matter has been referred to the undersigned by United States District Judge Staci M. Yandle to determine Defendant's disputed motion to compel discovery. (Doc. 55). Based on the following, the undersigned recommends that District Judge Yandle dismiss with prejudice Plaintiff's complaint for failure to prosecute, for failure to participate in discovery, and for failure to follow court orders, and to deny as moot Defendant's motion to compel discovery. (Doc. 52).

On September 4, 2025, Defendant filed a disputed motion to compel discovery (Doc. 52, 53, 54). Specifically, Defendant seeks an order compelling Plaintiff to make initial disclosures; to supplement her answers to Defendant's first set of interrogatories; to provide complete responses to Defendant's first set of requests for production; and to respond fully to all of Defendant's outstanding discovery requests. On September 5, 2025, District Judge Yandle referred the motion to the undersigned for disposition. (Doc. 55).

Thereafter, on September 8, 2025, District Judge Yandle granted Defendant's motion to extend discovery. (Doc. 56). Also in that Order, District Judge Yandle specifically stated: "**Plaintiff is reminded her obligation to participate in discovery and cooperate with Defendant's efforts in that regard. Failure to do so may result in sanctions, including dismissal of this case.**" *Id*. That same day, the hearing on the motion to compel was set for October 16, 2025, at 11:00 a.m. via zoom conference before the undersigned. (Doc. 57).

On October 16, 2025, the Court held the hearing on the motion to compel. (Doc. 58). However, Plaintiff failed to appear, and the Court directed that a Show Cause Order be entered. *Id*. The Court issued an Order to Show Cause on October 16, 2025, directing Plaintiff to show cause in writing, on or before November 6, 2025, why she failed to respond to the motion to compel and why she failed to attend the motion to compel hearing. (Doc. 59). The Order advised Plaintiff "that the failure to do so may result in sanctions, including dismissal of the case." *Id*. As of this date, Plaintiff has not responded to the motion to compel and has not responded to the Order to Show Cause.

Federal Rule of Civil Procedure 41(b) allows the court to dismiss a case if the plaintiff "fails to prosecute or to comply with [the Federal Rules] or a court order[.]" Likewise, Federal Rule of Civil Procedure 37 allows dismissal as a sanction if a party fails to obey an order to "provide or permit discovery" or fails to appear for their deposition after being served with proper notice. FED. R. CIV. PROC. 37(b)(2)(A)(v), (d)(1)(A)(i)-(iii). "The court may 'infer a lack of intent to prosecute a case from a pattern of failure to meet court-imposed deadlines.'" *Pouliot v. Board of Trustees of University of Illinois*, No. 21-2735, 2025 WL 1275774, at *2 (7th Cir. May 2, 2025) (quoting *Dickerson v. Board of Education of*

*Ford Heights*, 32 F.3d 1114, 1117 (7th Cir. 1994)). To dismiss a case as a sanction for discovery abuse, the court must only find that the party's actions displayed willfulness, bad faith, or fault, and the sanction imposed is proportionate to the circumstances. *See Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009). "If the failure is inadvertent, isolated, no worse than careless, and not a cause of serious inconvenience either to the adverse party or to the judge or to any third parties, dismissal (if the failure is by the plaintiff) or default (if by the defendant) would be an excessively severe sanction." *Crown Life Insurance Co. v. Craig*, 995 F.2d 1376, 1382 (7th Cir. 1993). "And the court does not need to impose less severe sanctions before dismissing the case '[w]here the pattern of dilatory conduct is clear.'" *Pouliot*, 2025 WL 1275774, at *2 (quoting *Dickerson*, 32 F.3d at 1117). "The district court need only provide 'due warning' to the plaintiff's counsel that an imminent threat of dismissal is likely." *Pouliot*, 2025 WL 1275774, at *2 (quoting *In re Bluestein & Co.*, 68 F.3d 1022, 1026 (7th Cir. 1995)).

Despite two court orders making it clear to Plaintiff that her case may be dismissed for failing to participate in discovery and for failing to participate in the case, Plaintiff has disregarded the Court's orders, failed to attend a scheduled hearing, and failed to follow court orders. Thus, Plaintiff's actions have displayed fault, willfulness and caused serious inconvenience to the Defendant and the Court. The Court finds dismissal is appropriate under these circumstances.

Accordingly, the Court **RECOMMENDS** that this case be dismissed with prejudice as a sanction against Plaintiff for her failure to prosecute, failure to participate in discovery, and failure to comply with court orders. Further, the Court

**RECOMMENDS** that Defendant's disputed motion to compel discovery be denied as moot. (Doc. 52).

The parties are advised that any objection to the recommendation must be filed in writing with the Clerk of the Court within fourteen (14) days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections either before the District Court or on Appeal. *See Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986); *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004).

**IT IS SO ORDERED**.

**DATED:  November 12, 2025.**

Digitally signed by Judge Sison
Date: 2025.11.12 13:12:50 -06'00'

**GILBERT C. SISON**
**United States Magistrate Judge**